BIRNBERG & ASSOCIATES
CORY A. BIRNBERG (SBN: 105468)
1083 Mission St., Third Floor
San Francisco, California 94103
Telephone Number: (415) 398-1040
Facsimile Number: (415) 398-2001
Email: birnberg@birnberg.com

JOHN FITZPATRICK VANNUCCI (SBN: 174329)
LAW OFFICES OF JOHN FITZPATRICK VANNUCCI
100 Montgomery Street, Suite 1600
San Francisco, California 94104
Telephone Number: (415) 981-7500
Facsimile Number: (415) 981-5700
Email: jfv@jvlaw.com

Attorneys for Plaintiff
STEPHEN LAMBERT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STEPHEN LAMBERT, | ) Case No. CV 11 0725 |
|---|---|
| Plaintiff, | ) |
| vs. | ) COMPLAINT FOR DAMAGES |
| UNITED STATES OF AMERICA; MAERSK; MAERSK LINE, LTD; MAERSK LINE | ) DEMAND FOR JURY TRIAL |
| Defendants. | ) |

Plaintiff, STEPHEN LAMBERT [hereinafter "Plaintiff"] complains against Defendants named herein and alleges as follows:

///

///

Complaint for Damages; Demand for Jury Trial        1                Case No.:

## JURISDICTION

1. This Court has jurisdiction pursuant to 33 U.S.C. §905(b), 28 U.S.C. § 1333, the Suits in Admiralty Act (SAA) 46 U.S.C. §§ 30901-30918, the Public Vessels Act (PVA) 46 U.S.C. § 31101-31113 and the general maritime law.

2. The incidents alleged herein occurred within this district. Plaintiff is a resident of the State of California.

## FACTUAL ALLEGATIONS

3. Plaintiff, STEPHEN LAMBERT (hereinafter "Plaintiff") is a citizen of the United States, a resident of the State of California, and at all times relevant employed as an engineer, consultant, and/or inspector for Vigor Marine, a business entity engaged in the repair of marine vessels, such as the vessel identified herein.

4. Defendant, UNITED STATES OF AMERICA, was at all times relevant the owner of the vessel SS Capella (T-AKR 293) [*formerly* USNS CAPELLA (T-AKR 293), *formerly* SS SEA- LAND McLEAN], hereinafter "the vessel" or "SS Capella".

5. Defendants MAERSK, MAERSK LINE, LTD, and MAERSK LINE (hereinafter "Defendant MAERSK") are a business entities and were at all times relevant the charterer and/or operator of the vessel.

6. On or about December 29, 2009, the SS Capella was docked at Pier 3 at Alameda Point, Alameda California. At that time and place, Defendant MAERSK hired Plaintiff's employer Vigor Marine to conduct an inspection and/or consultation and/or services aboard the vessel, specifically in regards to some of the machinery on board. On behalf of his employer, Plaintiff boarded the vessel and proceeded to the lower decks of the vessel. To reach location of the machinery, Plaintiff was obligated to transverse a walkway suspended over one of the vessel's holds. At that time and place, there was little to no

lighting in the area of the walkway and the walkway itself was dangerous, defective, and/or improperly maintained in that, among other things, there was a dangerously low railing that constituted a tripping hazard directly around a large gap in the walkway that constituted a drop off to the bottom of the hold. While on the walkway, Plaintiff fell to the bottom of the hold and sustained severe personal injuries and damages, in an amount within the jurisdiction of this Court.

## FIRST CAUSE OF ACTION
### Negligence [33 U.S.C. §905(b)]

7.  Plaintiff realleges and incorporates by reference paragraphs 1 through 6 hereinabove as though set forth fully below.

8.  On or about December 29, 2009, Defendants, and each of them, so negligently and carelessly owned, operated, inspected, maintained, supervised and controlled said vessel that the ship and its equipment were in a dangerous, defective and improper condition, thereby creating a risk of injury in the work area to persons working and walking there. Defendants, and each of them, failed to provide proper lighting in the workplace area making it dangerous for workers, such as Plaintiff, to conduct their work. As such, Plaintiff was injured by the negligence of Defendants.

9.  Defendants, and each of them, knew, or in the exercise of ordinary care should have known, of the dangerous, defective, and improper conditions then existing and failed to remedy said conditions or to otherwise adequately safeguard persons working and walking on the vessel against the conditions, having had a reasonable opportunity to do so. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was caused to sustain severe personal injuries and damages, in an amount within the jurisdiction of this Court.

///

BIRNBERG & ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

10. As a direct and proximate result of Defendants' negligence, Plaintiff has been unable to work and has suffered, and will suffer, loss of earnings in an amount according to proof.

11. As a further proximate result of Defendants' negligence, Plaintiff has been personally injured and has incurred medical and related expenses, in an amount according to proof.

## SECOND CAUSE OF ACTION
Negligence – General Maritime Law

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 hereinabove as though set forth fully below.

13. On or about December 29, 2009, Defendants, and each of them, so negligently and carelessly owned, operated, inspected, maintained, supervised and controlled said vessel that the ship and its equipment were in a dangerous, defective and improper condition, thereby creating a risk of injury in the work area to persons working and walking there. Defendants, and each of them, failed to provide proper lighting in the workplace area making it dangerous for workers, such as Plaintiff, to conduct their work. As such, Plaintiff was injured by the negligence of Defendants.

14. Defendants, and each of them, knew, or in the exercise of ordinary care should have known, of the dangerous, defective, and improper conditions then existing and failed to remedy said conditions or to otherwise adequately safeguard persons working and walking on the vessel against the conditions, having had a reasonable opportunity to do so. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was caused to sustain severe personal injuries and damages, in an amount within the jurisdiction of this Court.

///

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

Complaint for Damages; Demand for Jury Trial          4          Case No.:

15. As a direct and proximate result of Defendants' negligence, Plaintiff has been unable to work and has suffered, and will suffer, loss of earnings in an amount according to proof.

16. As a further proximate result of Defendants' negligence, Plaintiff has been personally injured and has incurred medical and related expenses, in an amount according to proof.

### THIRD CAUSE OF ACTION
Unseaworthiness

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 hereinabove as though set forth fully below.

18. Defendants, by their agents, servants and/or employees, were negligent and the vessel was unseaworthy in:

  a. Failing to provide Plaintiff with a reasonably safe place to work;

  b. Failing to keep and maintain the vessel and its equipment and appurtenances in a proper and safe condition;

  c. Failing to provide adequate supervision;

  d. Failing to provide proper and adequate crew for the job(s) in question;

  e. Failing to provide the necessary and proper equipment to perform the duties required of plaintiff;

  f. The vessel was unseaworthy due to the unsafe nature of its equipment;

  g. Such other conditions of unseaworthiness that were additional substantial factors in causing plaintiff's injuries, including but not limited to insufficient and inadequate equipment, supplies, and unsafe method of operation;

BIRNBERG & ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

Complaint for Damages; Demand for Jury Trial            5            Case No.:

      h.      The vessel owner, knowing that certain activity would take place, had the absolute duty of furnishing equipment and manpower as would enable that activity to be done in reasonable safety;

      i.      Failing to warn plaintiff of the aforementioned dangerous and defective conditions; and,

      j.      Failing to use due care under the circumstances;

19. Solely by reason of Defendants' negligence and the unseaworthiness of the vessel, Plaintiff sustained severe, permanent and disabling injuries, including but not limited to his shoulder, knees, neck, and other areas of his body. Plaintiff has suffered anxiety and emotional distress from his injuries. Plaintiff has suffered other injuries, the extent of which has not yet been fully determined.

20. Solely by reason of Defendants' negligence and the unseaworthiness of the vessel, Plaintiff has and may in the future be unable to assume his usual duties, occupations and vocations.

21. Solely by reason of Defendants' negligence and/or the unseaworthiness of the vessel, Plaintiff has required and may in the future require medical care, surgical care, and hospital care and has incurred and may in the future incur expenses for medicines, hospital and medical care to attend to, treat and attempt to alleviate and/or cure his conditions.

22. Solely by reason of Defendants' negligence and/or the unseaworthiness of the vessel, Plaintiff has suffered injuries which have precluded him and may in the future preclude him from fully enjoying the ordinary pleasures of life, and participating in his ordinary activities and vocations; further, he has suffered and will in the future suffer pain, mental anguish, loss of well being and other such tangible losses.

BIRNBERG &
ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

Complaint for Damages; Demand for Jury Trial    6    Case No.:

23. By reason of the aforementioned acts and omissions of the Defendants and unseaworthiness of the vessel, Plaintiff has suffered general damages in an amount according to proof.

24. With respect to the foregoing, regardless of the negligence of Defendants, Defendants had an absolute duty to provide a seaworthy vessel as to the items enumerated above.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in a sum within the jurisdiction of this court;

2. For loss of earnings, past and future, according to proof;

3. For medical expenses incurred and to be incurred;

4. For costs of suit herein incurred;

5. For such other and further relief as the Court may deem proper.

Dated: February 16, 2011       LAW OFFICES OF JOHN F. VANNUCCI

BIRNBERG & ASSOCIATES

By: _____
Cory A. Birnberg
Attorneys for Plaintiff
STEPHEN LAMBERT

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

Dated: February 16, 2011       LAW OFFICES OF JOHN F. VANNUCCI

BIRNBERG & ASSOCIATES

By: _____
Cory A. Birnberg
Attorneys for Plaintiff
STEPHEN LAMBERT

F:\Lambert (3rd Party)--2875\Pleadings\Complaint for Damages--final.doc

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001