IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN LAMBERT,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

No. C 11-725 MMC

**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**

Before the Court is defendant United States of America's "Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) of the Fed. R. Civ. P.," filed June 28, 2013. Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

The above-titled action arises out of injuries plaintiff sustained on a ship owned by defendant. The Court held a nine-day bench trial and, on May 31, 2013, issued its Findings of Fact and Conclusions of Law, in which the Court found defendant liable for plaintiff's injuries in the amount of $873,995. (See Mem. of Decision, filed May 31, 2013.) On May 31, 2013, judgment was entered.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move for an

---

[1] By order filed August 13, 2013, the Court deemed the matter suitable for decision on the parties' written submissions and vacated the hearing set for August 16, 2013.

order amending or altering a judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion," but amending a judgment is "an extraordinary remedy which should be used sparingly." See Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotations and citations omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." See id.

By the instant motion, defendant requests the Court alter or amend the judgment to correct what defendant asserts are errors of law and fact in the calculation of plaintiff's past and future wage losses. In particular, defendant contends "[s]ufficient facts were elicited from [p]laintiff, concerning the availability of jobs and his decline of all such offers, to show he failed to mitigate his damages." (See Mot. at 2:11-12.)

While a plaintiff has a duty to mitigate damages, the defendant bears the burden of proving any such failure. See Sias v. City Demonstration Agency, 588 F.2d 692, 696 (9th Cir. 1978); see also Jones v. Consol. Rail Corp., 800 F.2d 590, 593 (6th Cir. 1986) (holding, where injured plaintiff sued under FELA, defendant bears burden of proving plaintiff's failure to mitigate economic damages based on lost wages). To meet its burden, a defendant is required to establish "(1) that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position." See Sias, 588 F.2d at 696.[2]

---

[2] Defendant incorrectly argues that once it has established a suitable position existed, the burden shifts to plaintiff to show he used reasonable care and diligence in seeking such a position. Sias makes clear, however, that defendant bears the burden as to both elements. See also Jackson v. Shell Oil Co., 702 F.2d 197, 202 (9th Cir. 1983) (holding "defendant bears the burden of . . . establishing . . . that [plaintiff] failed to use

Here, defendant argues, plaintiff himself introduced at trial evidence establishing suitable positions were available to him. In particular, defendant asserts, plaintiff received job offers but turned them down "because the job 'didn't sound good to [him]'" (see Mot. at 4:7-8) and, instead, "voluntarily left the ship repair market as a worker" (see Mot. at 4:19). In support thereof, defendant relies on two offers of employment described by plaintiff as having been made by a ship repair company, one as an operations manager and the other as a shop foreman. (See Mot. at 3:9-13.)

Defendant's characterization of the record is incomplete. Although plaintiff did testify that, in declining the managerial position, he told the potential employer the job "didn't really sound good to [him]" (see Trial Tr. vol. 5, 851-52, Jan. 28, 2013), he prefaced that testimony with an explanation that the job offers he received were "turned down because [he] just couldn't perform" them (see id. at 850). Defendant introduced no evidence as to what those positions entailed in terms of physical demands and has pointed to no evidence showing any other jobs existed for which plaintiff was physically or otherwise qualified.

Moreover, in other testimony discussing his efforts to return to work, plaintiff made clear that both the residual physical limitations and continuing pain attributable to the accident precluded his doing so. (See, e.g., id. at 830 (stating knee buckles when steps on uneven surfaces); id. at 831 (describing inability to hold left arm in front of body for any length of time); id. at 832 (describing continued numbness radiating from left shoulder into hand); id. at 833 (describing diminished feeling in hands and fingers); id. at 844 (noting he was "incapacitated for two or three days" after using "riding lawn mower" for short time); id. at 843 (describing inability to complete ship check due to "severe problems with back and pain in . . . legs"); id. at 845 (describing inability to sit at computer for intervals of more than twenty minutes, with time seated decreasing with each subsequent interval).)

The uncontroverted medical testimony further demonstrates plaintiff's inability to

---

reasonable care and diligence in seeking . . . out [suitable positions]").

return to work.  In the opinion of Edward Sun, M.D., plaintiff's treating orthopedic surgeon, the symptoms resulting from plaintiff's neck injuries "will require permanent restrictions, including lift[ing] no more than 15lbs, avoid[ing] overhead type activity, avoid[ing] crawling and stooping." (See Pl.'s Ex. 13 at II.)  Additionally, A. Dhabi Khan, M.D., another of plaintiff's treating physicians, in considering the totality of plaintiff's injuries, imposed the following work restrictions:  no lifting greater than five pounds; no pushing or pulling greater than five pounds; no overhead work; no bending, stooping, or squatting; no kneeling; no walking for more than 30 minutes; no standing for more than 20 minutes; no sitting for more than 20 minutes; and no cross-body reaching with the left upper extremity.  (See Pl.'s Ex. 13 at 97.)

In sum, as the Court found in its Memorandum of Decision, "defendant has offered no evidence that any other employment exists for which plaintiff is qualified despite his injuries, and, given the constellation of injuries plaintiff sustained, . . . there is no such position available." (See Mem. of Decision, filed May 31, 2013, at 10:5-7.)

Accordingly, defendant having failed to meet its burden to show a failure to mitigate, defendant's motion to alter or amend judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 16, 2013

MAXINE M. CHESNEY
United States District Judge

4